William S. Harris, State Bar No. 90341
LAW OFFICES OF WM. S. HARRIS
1499 Huntington Drive, Suite 403
South Pasadena, CA 91030
(626) 441-9300 - Phone
(626) 441-9301 - Fax
BillHarrisEsq@aol.com

Attorney for Defendant
TYLER SCHRIER

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER SCHRIER,<br><br>Defendant. | Case No.  CR 11-1175-SJO-1<br><br>NOTICE OF MOTION AND  MOTION TO SUPPRESS COERCED CONFESSION AND TO DISMISS COUNT 15; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF WILLIAM S. HARRIS<br><br>DATE:  March 26, 2012<br>TIME:   10:00 a.m.<br>DEPT.:  Courtroom 1 |

TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE BE ADVISED that on March 26, 2012, at 10:00 a.m. or as soon thereafter as counsel may be heard, in the Courtroom of the Hon. S. James Otero, United States District Judge, 312 N. Spring Street, Courtroom 1, Los Angeles, CA 90012, Defendant Tyler Schrier will, and hereby does, move the Court to suppress a coerced confession obtained by the FBI from Mr. Schrier on November 10, 2010, and to dismiss Count 15 of the indictment which is based on the coerced confession.  Mr. Schrier hereby requests a pre-trial voluntariness hearing under 18 U.S.C. § 3501(a) and *Jackson v. Denno*, 378 U.S. 368 (1960).

The motion is based on the attached memorandum of points and authorities, the declaration of William S. Harris and the exhibits thereto, the complete files and records in this case, and such additional evidence and argument as may be presented at the hearing on this motion.

DATED:  February 27, 2011          Respectfully submitted,

                                   LAW OFFICES OF WM. S. HARRIS


                                   By_____
                                        William S. Harris
                                   Attorney for Defendant
                                     TYLER SCHRIER

### MEMORANDUM OF POINTS AND AUTHORITIES

**1.    INTRODUCTION**

The defendant, Tyler Schrier, is charged in the indictment with conspiracy to violate the Computer Fraud and Abuse Act in violation of 18 U.S.C. § 371; substantive violations of several subsections of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and false statement to law enforcement in violation of 18 U.S.C. § 1001(a)(2).  Trial is scheduled for August 7, 2012.

In a nutshell, the government alleges that Mr. Schrier broke into an email account of a professional poker player, downloaded sexual materials stored in the account regarding the account holder and his then-girlfriend, and thereafter attempted to extort the account holder and others by threatening to release the sexual materials.  Mr. Schrier, at the time, was a 20-year-old sophomore living in a dorm room at Trinity College in Hartford, Connecticut.

On November 9, 2010, the government obtained a search warrant for Mr. Schrier's dorm room from a U.S. Magistrate Judge in Connecticut.  In the pre-dawn hours of November 10, 2010, FBI agents entered into Mr. Schrier's dorm room, ordered him out of bed and into another room, seized his laptop computer and cell phone, and thereafter conducted a lengthy interrogation of Mr. Schrier. During the course of that interrogation, Mr. Schrier allegedly made a statement that he wasn't really extorting and wasn't supposed to get any money.  It is that statement which the FBI now claims was materially false, fictitious or fraudulent in violation of 18 U.S.C. § 1001(a)(2).

Mr. Schrier seeks a voluntariness hearing under 18 U.S.C. § 3501(a) and *Jackson v. Denno*, 378 U.S. 368 (1960).  Following that hearing, Mr. Schrier asks this Court to suppress his confession of November 10, 2010, as coerced, and to dismiss Count 15 of the indictment which is based on the coerced confession.

**2.    STATEMENT OF FACTS**

In November of 2010, Mr. Schrier was a full-time undergraduate student

enrolled at Trinity College in Hartford, Connecticut.  He lived with two roommates in Room 408 at the Anadama Residence Hall.  **EXH 4**, Page 1.

On November 9, 2010, U.S. Magistrate Judge Donna F. Martinez of the U.S. District Court for the District of Connecticut issued a search and seizure warrant for Room 408 of the Anadama Residence Hall.  **EXH 1**.  The FBI executed the warrant in the pre-dawn hours of November 10, 2010.  Mr. Schrier was routed from his bed before dawn, held in another room in his underwear while federal agents ransacked his dorm room, and was later subjected to lengthy interrogation by an FBI agent with an Associate Dean of the college looking on.  **EXH 4**, Pages 2-3.  The interrogation was conducted in the hallway, where other curious students could observe the spectacle, even though private rooms were available.  **EXH 4**, Page 3.

Mr. Schrier was interviewed that morning over the course of several hours, between 7:24 a.m. and 9:21 a.m.  **EXH 2**, Pages 3-4.  During the course of the interview, he was interrogated concerning the facts of the alleged hacking and extortion of the account holder, his girlfriend and others.  **EXH 3**.  During the course of the interrogation, Mr. Schrier made a statement that he wasn't really extorting, and wasn't supposed to get any money.  **EXH 3**, Page 28.  He also told the FBI interrogator that he was physically ill and had almost passed out.  The FBI interrogator said, "Don't pass out on me."  **EXH 3**, Page 33.

At the beginning of the interview, the FBI interrogator told Mr. Schrier that he was not in custody, had the right to remain silent, and the right to counsel.  The interrogator further stated that Mr. Schrier could leave and didn't have to talk to her if he didn't want to.  **EXH 3**, Pages 1 and 2.  The Associate Dean of the college was hovering nearby.  **EXH 4**, Page 3.  Despite the advisement of his right to remain silent, Mr. Schrier was fearful of getting kicked out of school and going to jail if the FBI didn't put in a good word for him with the Associate Dean.  **EXH 4**, Pages 3-4.  Because of those factors, Mr. Schrier believed he had no real choice

but to agree to the FBI interrogation if he wanted to remain a student at Trinity College.  **EXH 4**, Page 3.  The FBI interrogator told Mr. Schrier that he could be either a witness or a suspect.  **EXH 3**, Page 51.  The FBI interrogator encouraged Mr. Schrier's belief that the school wouldn't kick him out if he submitted to the interrogation and became a witness.  **EXH 3**, Page 51.

Mr. Schrier wasn't permitted to read and examine the search warrant until the conclusion of the interrogation.  **EXH 4**, Page 4.  Mr. Schrier didn't have the assistance of counsel during the interview.  The FBI seized Mr. Schrier's laptop and iPhone.  **EXH 2**, Page 6.

**3.     MR. SCHRIER'S CONFESSION WAS COERCED AND SHOULD BE SUPPRESSED.**

**A.     Legal Standard**

Under 18 U.S.C. § 3501(a) and *Jackson v. Denno*, Mr. Schrier is entitled to a pre-trial voluntariness hearing to determine whether his confession was voluntarily made.  Under § 3501(b), the district court makes the voluntariness determination based on factors including whether the defendant knew the nature of the allegations at the time of the confession, whether the defendant was advised that he was not required to make any statement and that any such statement could be used against him, whether he was advised of his right to the assistance of counsel, and whether the defendant was without counsel during the interrogation.

The presence or absence of any of those statutory factors is not conclusive, but the district court rather makes the voluntariness determination based on the totality of the circumstances surrounding the confession.  *Arizona v. Fulminante*, 499 U.S. 279, 286 (1991).  Coercion can be mental as well as physical.  *Blackburn v. Alabama*, 361 U.S. 199, 206 (1960).  The relevant question is whether Mr. Schrier's will was overborne by the FBI in such a way as to render his confession the product of coercion.  *Arizona v. Fulminante*, 499 U.S. at 288.

///

**B.      The Coerced Confession Should be Suppressed.**

Applying the legal standard stated above, this Court should hold a voluntariness hearing under 18 U.S.C. § 3501(a) and thereafter suppress Mr. Schrier's confession given to the FBI on November 10, 2010.  Under the totality of the circumstances surrounding his November 10 interrogation, Mr. Schrier's will was overborne in such a way as to render his confession the product of coercion. That conclusion follows from a number of considerations.

_Manner of Execution_

The first point for the Court's consideration is the pre-dawn execution of the search warrant.  A 20-year-old undergraduate was routed from his bed and held in another room in his underwear while FBI agents ransacked his bedroom and seized his property.  The manner of execution of this warrant was thus quite abrasive. The manner of execution of this warrant instilled fear and intimidation into Mr. Schrier, which fear and intimidation carried over to the interrogation which followed.

_Withholding of Warrant_

The FBI interrogators kept Mr. Schrier in the dark to the extent that they wouldn't let him read and examine the search warrant until the conclusion of the interrogation, hours later.  **EXH 4**, Page 4.

_The Associate Dean Nearby_

The presence of the Associate Dean of the college during the interrogation added to the coercion.  Mr. Schrier believed that he had no practical alternative other than to submit to interrogation if he didn't want to be expelled from Trinity College.  He was told he could either be a witness or a suspect, take your choice. **EXH 3**, Page 51.  Significantly, the FBI interrogator encouraged Mr. Schrier's belief that the college wouldn't expel him if he played ball and became a witness against himself.  **EXH 3**, Page 51.  That is not unlike the "deal" found to be coercive in _Arizona v. Fulminante_, where Fulminante only confessed because he

was told by a fellow inmate that he would be protected on the prison yard from other inmates.  499 U.S. at 283.  *See also Payne v. Arkansas*, 356 U.S. 560, 564-7 (1958) (promise to protect detainee from angry mob if he confessed).

<u>Hallway Interrogation</u>

The coercion was increased when the FBI interrogator insisted on conducting the interview in the hallway, where curious fellow students could observe the interrogation, even though private rooms were available.  **EXH 4**, Page 3.  The FBI increased the coercion here by exploiting Mr. Schrier's shame and potential loss of standing with fellow students.

<u>Length and Context of Interrogation</u>

It was a lengthy interrogation conducted over several hours, beginning at 7:24 a.m. and not concluding until 9:21 a.m.  **EXH 2**, Pages 3-4.  The lengthy interrogation, as discussed above, was conducted following the abrasive pre-dawn entry into Mr. Schrier's dorm room while he was asleep.  *See Jones v. United States*, 357 U.S. 493, 498 (1958) ("It is difficult to imagine a more severe invasion of privacy than the nighttime intrusion into a private home"); *Gooding v. United States*, 416 U.S. 430, 462 (1974) ("In my view, there is no expectation of privacy more reasonable and more demanding of constitutional protection than our right to expect that we will be let alone in the privacy of our homes during the night.  The idea of the police unnecessarily forcing their way into the homes in the middle of the night ─ frequently, in narcotics cases, without knocking and announcing their purpose ─ rousing the residence out of their beds, and forcing them to stand by in indignity in their night clothes while the police rummage through their belongings does indeed smack of a `police state' lacking the respect for … the right of privacy dictated by the U.S. Constitution.") (Marshall, J., dissenting); *see also Monroe v. Pape*, 365 U.S. 167, 169 (1961).

<u>Mr. Schrier's Physical Condition</u>

Mr. Schrier was physically ill and almost passed out during the protracted

-7-

interrogation.  **EXH 3**, Page 33; **EXH 4**, Page 4.

Taking all of these factors into account, the Court should conclude that Mr. Schrier's will was overborne by the FBI in such a way as to render his confession the product of coercion.

**4.    COUNT 15 SHOULD BE DISMISSED BECAUSE IT IS BASED ON THE COERCED CONFESSION.**

Count 15 of the indictment alleges that on November 10, 2010, Mr. Schrier made a materially false, fictitious or fraudulent statement or representation to the FBI in violation of 18 U.S.C. § 1001(a)(2).  The statement was, "I wasn't really extorting.  I wasn't supposed to get any money."

The alleged false statement by Mr. Schrier was extracted during the course of his coerced confession to the FBI.  **EXH 3**, Page 28.  As explained above, Mr. Schrier's confession on November 10, 2010, was coerced and should be suppressed.  Mr. Schrier would not have made the statement which the FBI now claims was false in the absence of FBI coercion.  It follows that Count 15 is "fruit of the poisonous tree" because the FBI exploited the primary constitutional violation to obtain the statement.  *Wong Sun v. United States*, 371 U.S. 471 (1963).  Count 15 should be dismissed.

///
///
///
///
///
///
///
///
///
///

5.      **CONCLUSION**

For the foregoing reasons, the coerced confession obtained by the FBI from Mr. Schrier on November 10, 2010, should be suppressed, and Count 15 of the indictment, based on the coerced confession, should be dismissed.


**DATED:  February 27, 2012**                **Respectfully submitted,**

                                             **LAW OFFICES OF WM. S. HARRIS**


**By**_____
             **William S. Harris**
       **Attorney for Defendant**
         **TYLER SCHRIER**

**DECLARATION OF WILLIAM S. HARRIS**

I, WILLIAM S. HARRIS DECLARE:

1.      I am a member of the bar of this Court, and am counsel of record for Defendant Tyler Schrier in this case.  I have personal knowledge of the facts set forth hereafter, and if called as a witness I could and would testify competently with regard to the matters contained in this declaration.

2.      This declaration is submitted in support of the motion of Defendant Tyler Schrier to suppress a coerced confession and to dismiss Count 15 of the indictment.

3.      The government has produced discovery in this case.  Attached as **EXH 1** to this declaration is a search warrant and return issued by U.S. Magistrate Judge Donna F. Martinez of the U.S. District Court for the District of Connecticut on November 9, 2010.  Attached as **EXH 2** is an FBI report concerning the search, seizure and interrogation of Mr. Schrier in Connecticut on November 10, 2010.  Attached as **EXH 3** is a draft transcript of the FBI interrogation of Mr. Schrier on November 10, 2010, in Connecticut.  Attached as **EXH 4** is a declaration of Tyler Schrier describing the search, seizure and his FBI interrogation on November 10, 2010.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on February 27, 2012, at South Pasadena, California.

_____
**WILLIAM S. HARRIS, Declarant**

Wsh\5666\mot2suppress 2

-10-