**William S. Harris, State Bar No. 90341**
**LAW OFFICES OF WM. S. HARRIS**
**1499 Huntington Drive, Suite 403**
**South Pasadena, CA 91030**
**(626) 441-9300 - Phone**
**(626) 441-9301 - Fax**
**BillHarrisEsq@aol.com**

**Attorney for Defendant**
**TYLER SCHRIER**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No.  CR 11-1175-SJO-1 |
| **Plaintiff,** | **NOTICE OF MOTION AND MOTION FOR BILL OF PARTICULARS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| **vs.** | |
| **TYLER SCHRIER,** | **DATE:  May 21, 2012** |
| **Defendant.** | **TIME:  10:00 a.m.** |
| | **DEPT.:  Courtroom 1** |

**TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE COUNSEL OF RECORD:**

   **PLEASE BE ADVISED** that on May 21, 2012, at 10:00 a.m. or as soon thereafter as counsel may be heard, in the Courtroom of the Hon. S. James Otero, United States District Judge, 312 N. Spring Street, Courtroom 1, Los Angeles, CA 90012, Defendant Tyler Schrier will, and hereby does move, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, for an order directing the government to serve and file a bill of particulars of the indictment setting forth the following:

   1.  Identify, by time of transmission, the specific e-mail from Tyler Schrier to Joseph Sebok which is the basis of Count 2.

2. Identify, by time of transmission, the specific e-mail from Tyler Schrier to Amanda Leatherman which is the basis of Count 7.

3. Identify, by time of transmission, the specific e-mail from Tyler Schrier to Amanda Leatherman which is the basis of Count 8.

4. Identify, by time of transmission, the specific e-mail from Tyler Schrier to Amanda Leatherman which is the basis of Count 9.

5. Identify, by time of transmission, the specific e-mail from Tyler Schrier to Amanda Leatherman which is the basis of Count 10.

6. Identify, by time of transmission, the specific e-mail from Tyler Schrier to Amanda Leatherman which is the basis of Count 11.

7. Identify, by time of transmission, the specific e-mail from Tyler Schrier to Amanda Leatherman which is the basis of Count 12.

8. Identify, by time of transmission, the specific e-mail from Tyler Schrier to Amanda Leatherman which is the basis of Count 13.

This motion is based on the attached memorandum of points and authorities, the complete files and records in this case, and such additional evidence and argument as may be presented at the hearing on this motion.

DATED: April 10, 2012   Respectfully submitted,

**LAW OFFICES OF WM. S. HARRIS**


**By**_____
  **William S. Harris**
 **Attorney for Defendant**
 **TYLER SCHRIER**

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

The indictment charges Tyler Schrier, in Count 2, with sending an e-mail to Joseph Sebok on October 18, 2010, which contained an extortionate threat in violation of 18 U.S.C. § 1030(a)(7)(B).  In discovery, the government has produced twenty e-mails sent from Mr. Schrier to Joseph Sebok on October 18, 2010, the first at 7:23 p.m., and the last at 11:29 p.m.  Of those twenty e-mails, Mr. Schrier is left to speculate which specific e-mail is the basis of Count 2.

The same pattern holds true for Counts 7 through 13, which allege violations of 18 U.S.C. § 1030(a)(7)(B) based on e-mails from Mr. Schrier to Amanda Leatherman on 10/21/10, 10/22/10, 10/25/10, 10/26/10, 10/27/10, 10/29/10 and 11/8/10, respectively.  On each of those dates, there are multiple e-mails from Mr. Schrier to Ms. Leatherman contained in the discovery.

Mr. Schrier seeks a bill of particulars disclosing which specific e-mail is charged in each of Counts 2 and 7 through 13.  Mr. Schrier seeks a bill of particulars in order to adequately prepare his defense and to avoid unfair surprise at trial.  A review of the discovery provided to date, as stated above, has failed to clarify which specific e-mail is the basis of each (a)(7)(B) count.  Mr. Schrier simply requests — and has the right to — a further identification of the nature of the charges against him.

## 2.   ALLEGATIONS OF THE INDICTMENT

The indictment alleges in Count 1 that Mr. Schrier and two co-defendants conspired to violate several subsections of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.  Count 1 specifies 78 overt acts between October 17, 2010, and November 9, 2010.

Counts 2 and 7 through 13 of the indictment charge Mr. Schrier with violations of 18 U.S.C. § 1030(a)(7)(B), extortion by threat to impair confidentiality of information from a protected computer, between October 18,

2010, and November 8, 2010.  Count 2 alleges an October 18, 2010, e-mail from Mr. Schrier to Mr. Sebok.  Counts 7 through 13 allege e-mails from Mr. Schrier to Ms. Leatherman between October 21, 2010, and November 8, 2010.

Count 2 incorporates by reference the conspiracy allegations contained in Count 1.  Count 2 thus impliedly incorporates by reference Overt Act 6 of Count 1 which references an October 18, 2010, e-mail from Mr. Schrier to Mr. Sebok. Counts 7 through 13 likewise incorporate the conspiracy allegations contained in Count 1.  Following the same pattern, Count 7 thus impliedly incorporates Overt Acts 18, 19, and 20; Count 8 impliedly incorporates Overt Act 21; Count 9 impliedly incorporates Overt Act 25; Count 10 impliedly incorporates Overt Acts 26, 27, and 28; Count 11 impliedly incorporates Overt Act 30; Count 12 impliedly incorporates Overt Act 38; and Count 13 impliedly incorporates Overt Act 74.

The indictment, as explained more fully below, *does not identify which specific e-mail is the basis of each of Counts 2 and 7 through 13*.  The discovery provided to date has not clarified the basis of liability, but instead has clouded it. For each of the dates in question, on each of the (a)(7)(B) counts, there are multiple e-mails disclosed in the discovery which satisfy the criteria and are the potential e-mails in question.

Mr. Schrier simply asks that the government file a bill of particulars identifying which specific e-mail tracks each specific (a)(7)(B) count.

**3.   A BILL OF PARTICULARS IS NECESSARY TO ENABLE MR. SCHRIER PROPERLY TO PREPARE HIS DEFENSE.**

**A. The Court Has Discretion to Order the Government to File a Bill of Particulars.**

Rule 7(f) of the Federal Rules of Criminal Procedure provides that:

> "(f)  **Bill of Particulars.**  The court may direct the government to file a bill of particulars.  The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later

time if the court permits.  The government may
amend a bill of particulars subject to such conditions
as justice requires."

The decision whether to grant a request for a bill of particulars is directed to
the trial court's sound discretion and will not be disturbed on appeal in absence of
an abuse of that discretion.  *Will v. United States*, 389 U.S. 90, 99 (1967) (holding
that district courts have "very broad discretion" in ruling on requests for a bill of
particulars); *Nye & Nissen v. United States*, 168 F.2d 846, 859 (9th Cir. 1948)
(same).

The purpose of a bill of particulars is: (1) to inform the defendant of the
nature of the charges against him with sufficient precision to enable him to prepare
for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3)
to enable the defendant to plead his acquittal or conviction in bar of another
prosecution for the same offense when the indictment itself is too vague and
indefinite for such purposes.  *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir.
1991); *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).  *See also
Cooper v. United States*, 282 F.2d 527, 532 (9th Cir. 1960) (a bill of particulars
should be granted where it is thought necessary to enable the defendant to
adequately prepare his defense and avoid surprise at trial).

Courts routinely grant motions for bill of particulars where, as here, the
allegations of the indictment do not provide sufficient information to enable the
defendant to prepare his defense.  *See*, for example, *United States v. White*, 753
F.Supp. 432, 434 (D.Conn. 1990) (granting bill of particulars to provide complete
list of all co-conspirators and the location of acts performed); *United States v.
Hubbard*, 474 F.Supp. 64, 81 (D.D.C. 1979) (granting bill of particulars of acts
alleged but not described in the indictment, as well as the identities of unindicted
co-conspirators alleged to have participated in the crime); *United States v. Barket*,
380 F.Supp. 1018, 1023 (W.D. Mo. 1974) (ordering bill of particulars regarding

the manner in which allegedly wrongful acts were carried out); *United States v. Bailey*, 689 F.Supp. 1463, 1473 (D.C. Ill. 1987) (defendant entitled to a bill of particulars describing how defendants charged with conspiracy functioned as a RICO enterprise); and *United States v. Food and Grocery Bureau of Southern California*, 41 F.Supp. 884, 886-87 (C.D. Ca. 1941) (granting bill of particulars to ascertain whether retailers were indicted because they engaged in interstate commerce by reason of receipt of drop shipments through wholesalers).

### B. The Indictment Fails to Advise Mr. Schrier of the Facts Supporting the Charges Against Him.

Mr. Schrier seeks by this motion to determine the specific e-mail which the government contends violated 18 U.S.C. § 1030(a)(7)(B) in each of Counts 2, 7, 8, 9, 10, 11, 12 and 13. The indictment, at Pages 16 and 17, identifies e-mails by date, recipient and information obtained from the protected computer. As to these counts, further, the indictment generally incorporates the conspiracy allegations contained in Count 1. The government has also produced discovery consisting of myriad e-mails potentially referenced in the § 1030(a)(7)(B) counts.

*Count 2*

For example, Count 2 alleges an e-mail from Mr. Schrier to Mr. Sebok on October 18, 2010. Overt Act 6 of Count 1, incorporated by reference, alleges "an e-mail threatening to post intimate photographs of victims J.S. and A.L. on the Internet unless victim J.S. paid money to defendant SCHRIER." In discovery, however, the government has produced October 18, 2010, e-mails from Mr. Schrier to Mr. Sebok transmitted at 7:23 p.m., 7:30 p.m., 7:33 p.m., 7:35 p.m., 7:39 p.m., 7:42 p.m., 7:45 p.m., 7: 46 p.m., 7:48 p.m., 7:52 p.m., 7: 58 p.m., 8:06 p.m., 8:09 p.m., 8:11 p.m., 8: 15 p.m., 8: 21 p.m., 8: 23 p.m., 8: 27 p.m., 8: 47 p.m., 10: 37 p.m., 11: 24 p.m., and 11: 29 p.m.

Each of the above-referenced October 18 e-mails from Mr. Schrier to Mr. Sebok could be the Count 2 predicate. In short, Mr. Schrier has been left to

speculate as to which specific e-mail is the basis of liability charged against him in Count 2. The discovery provided by the government has failed to give sufficient information regarding the nature of the charges and the proof against Mr. Schrier to allow him to prepare his defense. Thus, Mr. Schrier cannot properly prepare for trial if the government is not required to issue a bill of particulars identifying, *by time of transmission,* the predicate e-mail from Mr. Schrier to Mr. Sebok on Count 2.

*Count 7*

Count 7 charges an October 21, 2010, e-mail from Mr. Schrier to Ms. Leatherman. Overt Acts 18, 19 and 20 of Count 1 are impliedly incorporated by reference. Overt Act 18 charges that Mr. Schrier transmitted an e-mail to Ms. Leatherman attaching an intimate photo of Ms. Leatherman. Overt Act 19 alleges that Mr. Schrier threatened to post an intimate photo of Ms. Leatherman on the internet unless Ms. Leatherman made six monthly payments to Mr. Schrier. Overt Act 20 references a demand for $1 million.

Turning to the discovery on Count 2, the government has produced October 21, 2010, e-mails from Mr. Tyler Schrier to Ms. Leatherman transmitted at 8:05 a.m., 2:54 p.m., 3:18 p.m., 3:54 p.m., 4:33 p.m., 4:39 p.m., 4:47 p.m., 5:03 p.m., 5:15 p.m., 8:57 p.m., 8:58 p.m., 10:30 p.m., 10:44 p.m., 10:53 p.m., and 10:57 p.m. Mr. Schrier is left to speculate which of those e-mails is the basis for liability under Count 7. That is why Mr. Schrier has asked the government to identify, by time of transmission, the specific e-mail from Mr. Schrier to Ms. Leatherman which is the Count 7 predicate.

*Counts 8 and 9*

The pattern continues with the other § 1030(a)(7)(B) counts. There are four potential predicates for the e-mail of October 22, 2010, from Mr. Schrier to Ms. Leatherman charged in Count 8. Those e-mails were transmitted at 12:07 a.m., 12:21 a.m., 7:54 p.m. and 11:22 p.m. There are eight potential e-mails from Mr.

Schrier to Ms. Leatherman on October 25, 2010, which could be the basis for the charges contained in Count 9.  Those e-mails were transmitted at 3:16 p.m., 6:12 p.m., 10:04 p.m., 10:29 p.m., 10:56 p.m., 11:27 p.m., 11:32 p.m., and 11:48 p.m.

*Count 10*

Count 10 is even worse.  There are 31 e-mails disclosed in the discovery from Mr. Schrier to Ms. Leatherman on October 26, 2010, the first at 12:10 a.m., and the last at 6:21 p.m.  The corresponding Overt Acts in Count 1 are Overt Act 26, Overt Act 27, and Overt Act 28.  Given the staggering number of potential combinations and permutations, Mr. Schrier can only speculate which specific e-mail the government charges in Count 10.

*Counts 11, 12 and 13*

On Count 11, there are six candidate e-mails from Mr. Schrier to Ms. Leatherman on October 27, 2010, the first at 2:20 p.m., and the last at 9:18 p.m. As to Count 12, there are three candidate e-mails dated October 29, 2010, from Mr. Schrier to Ms. Leatherman.  And there are two candidate e-mails which could form the basis of Count 13.

In a word, Mr. Schrier cannot properly prepare for trial if the government is not directed to prepare and file a bill of particulars addressing the following matters:

1. Identify, by time of transmission, the specific e-mail from Tyler Schrier to Joseph Sebok which is the basis of Count 1.

2. Identify, by time of transmission, the specific e-mail from Tyler Schrier to Amanda Leatherman which is the basis of Count 7.

3. Identify, by time of transmission, the specific e-mail from Tyler Schrier to Amanda Leatherman which is the basis of Count 8.

4. Identify, by time of transmission, the specific e-mail from Tyler Schrier to Amanda Leatherman which is the basis of Count 9.

5. Identify, by time of transmission, the specific e-mail from Tyler Schrier

to Amanda Leatherman which is the basis of Count 10.

6. Identify, by time of transmission, the specific e-mail from Tyler Schrier to Amanda Leatherman which is the basis of Count 11.

7. Identify, by time of transmission, the specific e-mail from Tyler Schrier to Amanda Leatherman which is the basis of Count 12.

8. Identify, by time of transmission, the specific e-mail from Tyler Schrier to Amanda Leatherman which is the basis of Count 13.

## 4.    CONCLUSION

For the foregoing reasons, Mr. Schrier respectfully requests that the Court grant this motion and direct the government to provide and file a bill of particulars as requested herein.

DATED:  April 10, 2012                    Respectfully submitted,

                                          LAW OFFICES OF WM. S. HARRIS


By_____
     **William S. Harris**
**Attorney for Defendant**
**TYLER SCHRIER**

Wsh\5666\mot4billofparticulars